**Rimas Juozas KREGZDE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71106.**

**INS No. A70–026–134.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNDANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Rimas Juozas Kregzde, a native of Li-

---

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument and de-

nies Kregzde's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

thuania,[1] petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h), and the denial of his application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction over the asylum and withholding applications pursuant to 8 U.S.C. § 1105a(a),[2] and we deny that portion of the petition. We lack jurisdiction to review the BIA's discretionary decision that Kregzde failed to show extreme hardship, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir.2001), and we therefore dismiss that portion of the petition.

We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and we must uphold the BIA's decision unless the evidence compels a contrary result. *Kazlauskas v. INS*, 46 F.3d 902, 905 (9th Cir.1995). Substantial evidence supports the BIA's determination that, due to the political changes in Lithuania, Kregzde failed to establish an objectively well-founded fear of future persecution. *See id.* at 906. Therefore, the evidence does not compel a finding of eligibility for asylum or withholding of deportation. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (asylum); *Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc) (withholding).

We are not persuaded by Kregzde's remaining contentions.

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

1. Kregzde was born in Lithuania while it was part of the former Soviet Union. He disputes the INS's contention that he is therefore a citizen of the current country of Lithuania. Because it is not material to the resolution of his petition for review, we do not address this dispute between the parties.

2. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

